

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 7, 2022

**BY ECF**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *United States v. Khalil Bey*, 21 Cr. 735 (PAC)

Dear Judge Crotty:

      The Government respectfully submits this letter in advance of sentencing in this matter. For the reasons explained below, the Government submits that a sentence within the stipulated Guidelines range of 37 to 46 months' imprisonment would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A.   Factual and Procedural Background**

      In June 2021, undercover police officers (the "UCs") were working on an undercover narcotics operation in the Bronx. One of the UCs asked a man ("CC-1") on the street for Percocet, and the man brought the UCs to a parked car where Khalil Bey, the defendant, was sitting in the back seat, behind the driver's seat. Bey then sold the UCs three pills. PSR ¶¶ 8-9.

      Other law enforcement officers immediately approached the same car in order to arrest Bey and CC-1. One officer approached Bey (who was still sitting in the back seat of the car, behind the driver's seat), handcuffed him, and removed him from the car. After removing Bey, the officer saw a CPX-1, 9mm firearm in plain view, on the floor of the back seat of the car, behind the driver's seat, right where Bey's feet had been resting before he was removed from the car. The officers recovered the firearm, which was loaded with twelve rounds of ammunition. PSR ¶ 10.

      After Bey was removed from the car, a law enforcement officer searched him and found, on Bey's person, narcotics that appeared to be packaged for distribution. Specifically, Bey had, on his person, approximately 14 plastic vials containing crack cocaine and eight blue pills that appeared identical to the pills Bey had sold the UCs. PSR ¶ 11.

      On July 13, 2021, Bey was charged by complaint with (1) one count of trafficking crack cocaine and oxycodone, in violation of 21 U.S.C. § 841; and (2) one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The 924(c) charge

carries a mandatory minimum sentence of 5 years in prison. Bey has been detained since his arrest, for less than 8 months.

On December 2, 2021, Bey pled guilty, pursuant to a plea agreement, to an information charging him with one count of conspiring to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. The plea agreement allowed Bey to avoid the 5-year mandatory minimum sentence that would have applied to a conviction under § 924(c), as charged in the complaint. Bey admitted in the plea agreement that he conspired to distribute at least 22.4 grams of crack cocaine, and that a dangerous weapon was possessed in furtherance of the offense. PSR ¶¶ 5, 14.[1] The parties further stipulated that the appropriate Guidelines range was 37 to 46 months' imprisonment. PSR ¶ 5.[2]

## B. Discussion

### 1. Applicable Law

As the Court is well aware, the Guidelines still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, the Court must consider not only the Guidelines, but also the six other factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing (as set forth below); (3) "the kinds of sentences available"; (4) any relevant policy statement by the Sentencing Commission; (5) "the need to avoid unwarranted sentence disparities among defendants"; and (6) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1)-(7); *Gall*, 552 U.S. at 50 & n.6. In determining the appropriate sentence, the Court must "impose a

---

[1] In response to an objection from defense counsel, the final PSR states that "Bey did not personally possess a gun, but he was present inside a car where there was a gun present. Additionally, Bey had knowledge that there was a gun in the vehicle." PSR ¶ 21 n.2. The Government strongly disagrees with the claim that "Bey did not personally possess a gun." As described above, when Bey was removed from the back seat of the car where he was dealing drugs, there was a loaded firearm in plain view on the floor behind the driver's seat, precisely where Bey's feet had been seconds earlier. PSR ¶ 10. Bey was the only person in the back seat of the car, and the only person who would have been able to readily reach the loaded firearm. Bey admits that he knew the loaded gun was inside the car. Under these circumstances, while Bey did not have the gun in his hand at the time police arrested him, there can be no serious dispute that he constructively possessed it. *See, e.g.*, *United States v. Albarran*, 943 F.3d 106, 118 (2d Cir. 2019) (nothing that constructive possession exists where the defendant "knowingly has the power and the intention at a given time to exercise dominion or control over an object, either directly or through others").

[2] If the powder cocaine Guidelines were instead applied to the same amount of crack, the base offense level would be 12, and the Guidelines sentence range would be 10 to 16 months' imprisonment.

sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B)   to afford adequate deterrence to criminal conduct;
>   (C)   to protect the public from further crimes of the defendant; and
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### 2. A Sentence Within the Stipulated Guidelines Range of 37 to 46 Months' Imprisonment Is Appropriate

For the reasons detailed below, the Government respectfully submits that, in accordance with the Section 3553(a) factors outlined above, a sentence within the stipulated Guidelines range of 37 to 46 months' imprisonment is fair and appropriate.

First, Bey committed an incredibly serious offense. Drug trafficking—knowingly profiting from customers' addictions—is a serious crime. Drug abuse has been, and continues to be, a scourge on communities throughout the United States, including communities within the Southern District of New York. The victims of drug crimes include not only drug users, but also users' friends and family, who also suffer the consequences of addiction. Moreover, the communities in which drug trafficking occurs often suffer from the violence that follows.

Here, Bey not only trafficked drugs, but he did so while in possession of a firearm loaded with twelve rounds of ammunition. PSR ¶ 10. As described in the complaint, "individuals who traffic narcotics often keep loaded firearms as tools of the trade in order to protect their drug trafficking activities from rival drug dealers, robbers, and others." Complaint ¶ 5.d. The whole point of having a loaded gun while drug trafficking is that you might have to use it. That is a recipe for violence and death. And, as explained above (*supra* n.1), Bey was not simply aware of a gun somewhere in the car; rather, the loaded gun was right at Bey's feet as he dealt drugs, ready for him to use it if necessary. It was in plain view in a location where only Bey could easily reach it, and Bey has admitted he knew it was there. In sum, Bey did more than just traffic drugs—he also knowingly possessed a loaded firearm in furtherance of his drug trafficking.

A lengthy sentence is appropriate to reflect the seriousness of Bey's offense and to provide just punishment. The sentence requested by Bey—which amounts to less than 8 months' imprisonment—is grossly insufficient to reflect the seriousness of possessing a loaded firearm in furtherance of drug trafficking, and would only minimize Bey's conduct. In fact, under the circumstances of this case, Bey is fortunate not to be facing a 5-year mandatory minimum sentence under 18 U.S.C. § 924(c).

Second, Bey's history and characteristics justify a substantial sentence. Bey has a prior history of possessing weapons. In 2017, he was arrested after being found in possession of a

loaded .22 caliber pistol and brass knuckles. And in 2019, he was arrested after he attempted to bring a box cutter into family court, and then resisted arrest when officers tried to detain him. In addition, when Bey was arrested on the current federal charges (after he had already been arrested by the state and released on bail), he hid from law enforcement officers, and his mother lied to the officers on his behalf, saying he was not in the apartment. Bey has committed numerous infractions while detained in this case. On October 16, 2021, Bey was sanctioned "for making a sexual proposal threat, refusing to obey an order, and being in unauthorized area." PSR ¶ 6. For those infractions, he "lost 27 days of good time conduct, was placed in 15 days of disciplinary segregation, and lost 120 days of commissary privileges." PSR ¶ 6. Bey "was also sanctioned on August 30, 2021, for being insolent to a staff member." PSR ¶ 6. He was "placed in 15 days of disciplinary segregation, and he lost 60 days of email privileges." PSR ¶ 6. Bey's numerous violations while in custody are concerning, and—along with his history of possessing weapons (including, most recently, in this case) and his efforts to resist arrest—cut in favor of a sentence within the stipulated Guidelines range.

Third, a substantial sentence is necessary to protect the public. Given Bey's track record, there is a serious risk that, upon his release, he will return to possessing weapons and dealing drugs—fueling the addictions of others, devastating the community, and creating a substantial possibility of gun violence.

Fourth, the compelling need for both specific and general deterrence justifies a significant sentence. Bey's prior arrests were clearly insufficient to deter him from committing new crimes. And the current charges were clearly insufficient to deter him from continuing to engage in misconduct while in prison. The Court should impose a sentence that ensures that Bey—and others like him—do not make these types of choices again. Bey's requested sentence, in which he would serve less than 8 months' imprisonment, would send a dangerous message to Bey and others that possessing loaded guns while trafficking narcotics will not lead to serious consequences. A substantial sentence is necessary to provide adequate deterrence.

### C. Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence within the stipulated Guidelines range of 37 to 46 months' imprisonment is necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by:   /s/
Elizabeth Espinosa
Jim Ligtenberg
Assistant United States Attorney
(212) 637-2216 / (347) 758-0247